1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEIFA XU, et al.,

          Plaintiffs,

     v.

FIBROGEN, INC., et al.,

          Defendants.

Case No. 3:21-cv-02623-EMC

**CLASS ACTION**

ORDER APPROVING PLAN OF ALLOCATION

Hearing Date: May 16, 2024
Time: 1:30 p.m. Courtroom: 5 – 17th Floor

Judge: Hon. Edward M. Chen

This matter came before the Court for hearing (the "Settlement Hearing") on May 16, 2024 on Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 250). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed or emailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *PR Newswire* pursuant to the specifications of the Court, and that notice of the Settlement Hearing was also provided over the Internet; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated December 7, 2023 ("Stipulation"; ECF No. 236, Ex. 1), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

United States District Court
Northern District of California

1     2. The Court has jurisdiction to enter this Order and over the subject matter of the

2 Litigation and over all parties to the Litigation, including all Settlement Class Members.

3     3. Pursuant to and in compliance with the Court's February 13, 2024 Order Preliminarily

4 Approving Settlement and Providing for Notice (ECF No. 244), Rule 23 of the Federal Rules of

5 Civil Procedure, and all other applicable laws and rules, this Court hereby finds and concludes that

6 due and adequate notice was directed to persons and entities who are Settlement Class Members,

7 advising them of the Plan of Allocation and of their right to object thereto, and a full and fair

8 opportunity was accorded to persons and entities who are Settlement Class Members to be heard

9 with respect to the Plan of Allocation. For the reasons stated in granting preliminary approval, the

10 settlement is fair, reasonable and adequate.  Notice to the class was effective.  The reaction of the

11 class was favorable;  there was only one request to opt out and one objection filed.

12     4. The Court hereby finds and concludes that the Plan of Allocation for the calculation of

13 the claims to the Settlement that is set forth in the Notice approved by the Court on February 13,

14 2024, and disseminated to Settlement Class Members, provides a fair and reasonable basis upon

15 which to allocate the net settlement proceeds among Settlement Class Members.

16     5. The Court has considered the objection to the Plan of Allocation submitted pursuant to Rule

17 23(e)(5) of the Federal Rules of Civil Procedure. ECF No. 254. The Court finds and concludes that the

18 objection is procedurally invalid and without merit, and is hereby overruled.  The objector did not

19 establish standing as required.  *See* Plan of Allocation at 13-14; *Abadilla v. Precigen, Inc.*, 2023

20 WL 7305053, at *11 (N.D. Cal. Nov. 6, 2023) (Labson Freeman, J.) (objector to proposed

21 settlement agreement "bears the burden of proving any assertions they raise").  Moreover, the

22 substance of the objection does not warrant denying approval of the settlement for the following

23 reasons.

24       (a) The request that shareholders be compensated for shares held not just sold or

25 purchased, is not congruent with claims asserted in this action pursuant to the Securities Exchange

26 Act.  *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5.  *See also Binder v. Gillespie*, 184 F.3d 1059,

27 1066 (9th Cir. 1999) (instructing that "[s]hareholders who did no more than retain their shares[ ]

28 are ... barred by the purchaser-seller rule from maintaining an action under Rule 10b–5").  Thus, it

2

United States District Court
Northern District of California

1    would be improper to require losses awarded for shares held rather than shares purchased or sold.

2         (b) The settlement need not award taxes, commissions, and fees as part of losses

3    incurred by shareholders.  Typically, securities class actions such as these are limited to actual,

4    out-of-pocket damages and not consequential or indirect damages by the fraud at issue.   15 U.S.C.

5    § 78bb(a) (limiting a plaintiff pursuing claims under the Exchange Act to its "actual damages").

6    Moreover, as the Court held, after analyzing the issue in depth at the preliminary approval stage,

7    the settlement amount reflects a highly favorable recovery to the class, accounting for risk in

8    litigating and relative to similar securities class action.  The settlement does not need to award

9    damages for every possible loss to be considered fair, reasonable, and adequate.  *See In re*

10   *Broadcom Corp. Securities Litig.*, 2005 WL 8152913, *3 (C.D. Cal. Sept. 12, 2005) ("By

11   definition, a settlement is not designed to compensate fully all damages that a Class may have

12   sustained.").

13        (c) The last point raised in the objection is based upon a misunderstanding of the

14   settlement.  The class is earning interest on recovery.  *See* Docket No. 236, Exh. 1 (Stipulation of

15   Settlement) ¶¶ 1.47, 2.3 ($28.5 million settlement amount deposited into interest-bearing escrow

16   account for benefit of claimants who will receive "any an all interest earned thereon").

17        6. The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and

18   reasonable to the Settlement Class. Accordingly, this Court hereby approves the Plan of Allocation.

19        7. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk

20   of the Court is expressly directed.

21        8.  The Court will issue a further order as to final judgment and attorney's fees after receipt and

22   consideration of an accounting of the class claims and distribution process.

23        **IT IS SO ORDERED**.

24

25   Dated: May 28, 2024

26

27

28                                    _____
                                      EDWARD M. CHEN
                                      United States District Judge
                                      3